UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELADIO ALBERTO MUNOZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 2:19-cv-00430-JPH-MJD |
| | ) |
| B. LAMMER, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Petitioner, Eladio Alberto Munoz, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this habeas action pursuant to 28 U.S.C. § 2241. His claim for relief fails because an alleged advisory guideline miscalculation cannot be challenged in a § 2241 petition. For the reasons explained below, the petition for writ of habeas corpus is **dismissed.**

## I. Background

Mr. Munoz's convictions and sentencing procedural history, as summarized by the Eleventh Circuit, is as follows.

> Munoz was charged in a fourth superseding indictment with: conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act extortion, in violation of 18 U.S.C. § § 1951(a) and 2 (Count Two); using and carrying a firearm during and in relation to a crime of violence, to wit, the Hobbs Act extortion described in Count Two, in violation of 18 U.S.C. § 924(c)(1) and 2 (Count Three); attempted Hobbs Act extortion, in violation of 18 U.S.C. § § 1951(a) and 2 (Count Four); carjacking, in violation of 18 U.S.C. § § 2119 and 2 (Count Five); and using and carrying a firearm during and in relation to a crime of violence, to wit, the offenses described in Counts Four and Five, in violation of 18 U.S.C. § 924(c)(1) and 2 (Count Six). The offense in Count Two was described as involving two victims, one of whom Munoz and his co-conspirators kidnapped and threatened to kill to extort $75,000 ransom. The offense in Count Four was described as an attempt to extort a $500,000 ransom from two victims after Munoz and his co-conspirators kidnapped and threated to kill several of the victims' family members. He was convicted by a general jury verdict on all counts and originally sentenced to 705 months' imprisonment. On appeal, [the Eleventh Circuit] affirmed Munoz's

> convictions but remanded for resentencing, after which the district court sentenced Munoz to a total of 535 months' imprisonment, consisting of: concurrent terms of 235 months' imprisonment as to each of Counts One, Two, and Four; a concurrent term of 180 months' imprisonment as to Count Five; a consecutive term of 60 months' imprisonment as to Count Three; and a consecutive term of 240 months' imprisonment as to Count Six.

*In Re: Eladio Munoz*, No. 19-14783-D (11th Cir. Dec. 20, 2019).

Mr. Munoz filed another appeal, and the Eleventh Circuit affirmed. *United States v. Echevarria, et. al.,* 103 F. App'x 665 (11th Cir. 2004) (per curiam). The Supreme Court then vacated the judgment and remanded for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Echevarria v. United States*, 543 U.S. 1106 (2005). On remand, the Eleventh Circuit reinstated its previous opinion and again affirmed Mr. Munoz's sentences. *See United States v. Munoz*, 143 F. App'x 297 (11th Cir. 2005).

Mr. Munoz has since filed several § 2255 motions. The first motion was denied on the merits. *See* Order Adopting Report and Recommendations, *Munoz v. United States*, No. 05-23260-cv-GOLD, (S.D. Fla. May 27, 2008), dkt. 63. The second and third motions were dismissed for lack of jurisdiction as successive. Mr. Munoz then sought permission to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255(h), which the Eleventh Circuit granted. Mr. Munoz's most recent § 2255 motion, which seeks to vacate his § 924(c) convictions and sentences for Counts Three and Six, is presently pending in the district court of conviction. *See Munoz v. United States,* Cause No. 1:19-cv-25239-JEM (S.D. Fla.).

During the pendency of his most recent § 2255 motion, Mr. Munoz also filed a § 2241 petition in the district court of his conviction. The court dismissed that petition for lack of jurisdiction. A month later, Mr. Munoz filed the § 2241 petition in this case.

In this petition, Mr. Munoz argues that his criminal history score was improperly calculated at sentencing. In response, the government argues that Mr. Munoz's petition is subject to dismissal because his claim is not cognizable under § 2241. Mr. Munoz has not replied.

## II. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Under very limited circumstances, a prisoner may use Section 2241 to challenge his federal conviction or sentence. Under the "savings clause", a federal prisoner may file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (*citing Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case applies retroactively. Third, he must demonstrate that there was a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719

F.3d 583, 586 (7th Cir. 2013); *see also, Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

Mr. Munoz argues that he is entitled to relief because (1) his prior misdemeanor convictions should not have been applied to calculate his criminal history score, and (2) he was wrongfully classified as a career offender. *See* dkt. 1 at 2–5. The Seventh Circuit has held that a defendant who claimed he was wrongly classified as a career offender under the advisory Sentencing Guidelines could not raise this alleged error in a collateral attack. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). This is because a guideline miscalculation or misapplication does not constitute a miscarriage of justice sufficient to satisfy the third *Davenport* factor. *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

Thus, "[t]here are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim." *Pierce v. True*, No. 17-cv-696-DRH-CJP, 2018 WL 339255, at *2 (S.D. Ill. Jan. 9, 2018) (citing *Hawkins*, 706 F.3d at 820).

The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *Booker*. *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Furthermore, as

4

explained above, the Supreme Court vacated and remanded Mr. Munoz's judgment for consideration in light of *Booker*, and on remand, the Eleventh Circuit affirmed Mr. Munoz's sentences. *See Munoz*, 143 F. App'x at 297. Accordingly, Mr. Munoz was sentenced after *Booker* was decided, and therefore, he cannot demonstrate a miscarriage of justice based on the alleged miscalculation of his advisory Sentencing Guidelines that would permit relief through a § 2241 petition.

### III. Conclusion

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. This action is subject to dismissal pursuant to Rule 4.

The petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 5/26/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ELADIO ALBERTO MUNOZ
40857004
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel